# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **DARRELL W. HEARD,** | ) | |
| **# 370271,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01248** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **TONY PARKER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Darrell W. Heard, an inmate of the Riverbend Maximum Security Institution in Nashville, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 against Tony Parker, Commissioner of the Tennessee Department of Correction; Centurion of Tennessee, LLC; Dr. Hau La; Shoa Ma, nurse practitioner; and Dr. Thomas Limbird, alleging violations of the plaintiff's civil and constitutional rights. (Docket No. 1). The plaintiff also has submitted an application to proceed in forma pauperis. (Docket No. 3).

Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of his application, the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the application (Docket No. 3) is hereby **GRANTED**.

Under § 1915(b), the Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-Plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the Plaintiff is hereby assessed the full $350 filing fee, to be paid as

1

follows:

(1) The custodian of the Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the Plaintiff's account; or (b) the average monthly balance in the Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203. Acceptable forms of payment by *pro se* plaintiffs are cash, money order, cashier's check or credit card payment.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Riverbend Maximum Security Institution to ensure that the custodian of the Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the Plaintiff to his new place of confinement for continued compliance with this order.

The court has reviewed the complaint pursuant to the Prison Litigation Reform Act and, for the reasons explained more fully in the memorandum entered contemporaneously herewith, finds that the complaint fails to state a claim upon which relief can be granted except as to the following claims: the plaintiff's Eighth Amendment claims under § 1983 against Centurion of Tennessee, LLC, Dr. Hau La, and Dr. Thomas Limbird. These claims survive the required PLRA screening and will proceed to further development. All other claims are hereby **DISMISSED**, including any § 1983 claims for monetary damages against any individual defendant in his official capacity. 28 U.S.C. § 1915A.

The plaintiff's motion for the appointment of counsel (Docket No. 2) is hereby **DENIED**.

The plaintiff's motions to correct docket (Docket No. 5) and add jury demand (Docket No. 6) are hereby **GRANTED**. The complaint shall reflect the correct defendants' names and addresses and a jury demand by the plaintiff.

The plaintiff's "motion for status of 5 summons" (Docket No. 11) is hereby **GRANTED**. The plaintiff shall follow the court's directions below regarding service of process on the remaining defendants.

The plaintiff's "motion for status hearing with motion for production transportation order request" (Docket No. 12) is hereby **DENIED**. The plaintiff is not entitled to a hearing at this time.

The Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for the remaining Defendants. The Plaintiff will complete the service packets and return the packets to the Clerk's Office within twenty-eight (28) days of the date of receipt of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the remaining Defendants.

3

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Plaintiff is also forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

ENTER this 2nd day of March 2018.

Aleta A. Trauger
United States District Judge

4