# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DARRELL W. HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01248 |
| ) | Judge Trauger / Frensley |
| TONY PARKER, Commissioner of T.D.O.C., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Thomas J. Limbird, M.D. Docket No. 14.[1] Along with his Motion, Defendant has filed a supporting Memorandum of Law (Docket No. 15), his Declaration (Docket No. 17-1), and his Statement of Undisputed Material Facts (Docket No. 18).

Plaintiff, who at the time was proceeding pro se but who has since been appointed counsel, filed "Plaintiff's Response To: (1) Defendant's Motion for Summary Judgment; (2) Declaration of Thomas J. Limbird, M.D.; and (3) Thomas J. Limbird, M.D.'s Statement of Undisputed Facts (Justification for Status Hearing and Trial)." Docket No. 22.[2]

---

[1] TDOC Commissioner Tony Parker and Nurse Practitioner Shoa Ma were terminated as Defendants in this action in a Memorandum Opinion and Order issued by Judge Trauger on March 2, 2018. *See* Docket Nos. 20, 21. Dr. Limbird has filed the instant Motion for Summary Judgment, and the remaining Defendants (Centurion of Tennessee, LLC and Hau La, M.D.) have filed a Motion to Dismiss, which the undersigned will address in a separate Report and Recommendation.

[2] Plaintiff's submission does not contain the required citations to the record and is not in a form required by Fed. R. Civ. P. 56 or the Local Rules. Since their appointment, Plaintiff's counsel have not filed a response to the instant Motion for Summary Judgment, nor have they filed a

Plaintiff filed his Complaint pro se and in forma pauperis pursuant to 42 U.S.C. §1983, alleging, *inter alia*, that Defendant Limbird violated his Eighth Amendment constitutional rights by being deliberately indifferent to his serious medical need by denying him hip replacement surgery. Docket No. 1.[3] Specifically, Plaintiff avers that Defendant Limbird denied him his hip replacement surgery because Plaintiff is incarcerated and because of the cost involved. *Id.* Plaintiff maintains that he was given opioids and other narcotic pain mediation which he does not want to take, that he is in constant pain and suffering, and that his hip is continuing to deteriorate such that he needs a right hip replacement. *Id.* Plaintiff seeks, *inter alia*, compensatory damages, injunctive relief, declaratory relief, an order requiring him to receive his right hip replacement surgery while he is incarcerated, costs, fees, and whatever other relief the Court deems proper. *Id.*

Defendant filed the instant Motion for Summary Judgment and supporting materials arguing that he is entitled to summary judgment because the undisputed facts establish that Defendant Limbird examined Plaintiff, reviewed x-ray and MRI imaging of Plaintiff's right hip, and used his medical judgment to determine that a right hip replacement was neither medically necessary nor advisable, due to the high risk of post-surgical infection. Docket Nos. 14-18. Defendant argues that, although Plaintiff disagrees with his medical judgment, the law is well-settled that differences of opinion between a prisoner and prison medical staff regarding the kind of treatment a prisoner

---

response to Defendant Limbird's Statement of Undisputed Facts.

[3] As has been noted, although Plaintiff filed his Complaint in this matter pro se, he has subsequently been appointed counsel. *See* Docket Nos. 1, 26, 44. Additionally, although Plaintiff's Complaint levies allegations against multiple Defendants, because the instant Motion was filed by Defendant Limbird and is related solely to Plaintiff's allegations against him, for purposes of issuing the instant Report and Recommendation, the undersigned will discuss only those allegations related to Defendant Limbird.

needs do not rise to the level of deliberate indifference. Docket No. 15, p. 7-8, *citing McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 1976). Defendant additionally argues that, although Plaintiff would like to receive a right hip replacement while he is incarcerated, the Eighth Amendment does not guarantee a prisoner "unqualified access to health care." *Id*. at 10, *citing Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Defendant further argues that he is entitled to summary judgment because Plaintiff cannot establish that Defendant had the requisite subjective state of mind in order to establish deliberate indifference. Docket No. 15, p. 8-10. Specifically, Defendant argues that although Plaintiff asserts that Defendant did not want to perform a right hip replacement surgery because he was sympathetic to Centurion's profits, the undisputed facts establish that Defendant Limbird is not an employee of Centurion, is not compensated by Centurion, the number of surgeries he performs or declines to perform has no impact on the compensation he receives from his employer, Meharry Medical College, and did not consider the cost to Centurion when determining the proper course of treatment for Plaintiff, but rather, relied on his medical judgment and years of experience. *Id*. at 9-10, *citing* Docket No. 17-1, ¶¶ 12-14.

As noted, Plaintiff has filed "Plaintiff's Response To: (1) Defendant's Motion for Summary Judgment; (2) Declaration of Thomas J. Limbird, M.D.; and (3) Thomas J. Limbird, M.D.'s Statement of Undisputed Facts (Justification for Status Hearing and Trial)." Docket No. 22. In his submission, Plaintiff argues that he "has a <u>right</u> for this court to see [his] physical condition and make its own fact-finding investigation and conclusions of law, and not solely rely on defendant's alleged medical reasonableness' of treatment supposedly rendered to the plaintiff." *Id*. (emphasis

3

original). Plaintiff also argues that Defendant Limbird's arguments are moot. *Id*. The remainder of Plaintiff's submission essentially consists of commentary noting that Plaintiff cannot confirm or deny information or statements contained in Defendant Limbird's submissions, agrees with information or statements contained in Defendant Limbird's submissions, disagrees with information or statements contained in Defendant Limbird's submissions, or strongly disagrees with information or statements contained in Defendant Limbird's submissions. *Id*. Plaintiff's submission does not contain the requisite citations to the record and is not in a form required by either Fed. R. Civ. P. 56 or the Local Rules. As has been noted, neither of Plaintiff's appointed counsel has filed a response to the instant Motion for Summary Judgment, nor has either filed a response to Dr. Limbird's Statement of Undisputed Facts.

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 14) be GRANTED, that Plaintiff's claims against Defendant Limbird be DISMISSED, and that Defendant Limbird be TERMINATED as a party to this action.

## II. Undisputed Facts[4]

### A. Declaration of Thomas J. Limbird, M.D.

Thomas J. Limbird, M.D., is over the age of 21, competent, and has been a licensed physician within the State of Tennessee since 1979. Docket No. 17-1, ¶¶ 1, 2. Dr. Limbird has been practicing his specialty of orthopaedic surgery in Nashville, Tennessee since 1979. *Id*., ¶ 2. Dr. Limbird completed his medical training at Duke University School of Medicine in Durham, North Carolina in 1973, then trained in general surgery at Duke University Medical Center from

---

[4] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

1973-1975, then completed a residency in orthopaedic surgery at Duke University School of Medicine from 1975-1979. *Id.*, ¶ 3. Dr. Limbird additionally completed a six-month sabbatical with Dr. James Stray-Gunderson, M.D., at St. Paul - U.T. Southwestern Exercise Physiology Laboratory in Dallas, Texas in 1987. *Id.* Dr. Limbird has been board certified by the National Board of Medical Examiners since 1974 and the American Board of Orthopaedic Surgery since 1980. *Id.* Dr. Limbird has practiced at Nashville General Hospital at Meharry since 2003. *Id.*

From 1979 through 2008, Dr. Limbird worked as a clinical instructor and professor of orthopaedics and rehabilitation at Vanderbilt University Medical Center in Nashville, Tennessee. *Id.*, ¶ 4. From 2003 through the present, Dr. Limbird has been a professor of surgery in the Division of Orthopaedic Surgery at Meharry Medical College in Nashville, Tennessee. *Id.* Since 2007, Dr. Limbird has been the Chief of the Division of Orthopaedic Surgery at Meharry Medical College. *Id.* Dr. Limbird has also been an adjunct professor of orthopaedic surgery at Vanderbilt University Medical Center from 2008 through the present. *Id.*

Dr. Limbird's testimony is based on his personal knowledge, experience, education, training, review of Plaintiff's Complaint and the medical records from the Tennessee Department of Correction attached thereto. *Id.*, ¶ 5. Additionally, based on his personal knowledge, experience, education, and training, Dr. Limbird is familiar with the recognized standard of acceptable professional practice expected of physicians practicing orthopaedic surgery in Nashville, Tennessee and similar communities, as the standard existed during the time I saw and treated Plaintiff in 2017. *Id.* Dr. Limbird's testimony is stated with a reasonable degree of medical certainty. *Id.*

Dr. Ronald Baker, M.D., performed a right hip decompression on Plaintiff in October 2016 due to Plaintiff's diagnosis of avascular necrosis of his right hip. *Id.*, ¶ 6. In January 2017, Dr.

5

Baker referred Plaintiff to Dr. Limbird because Plaintiff continued to complain of right hip pain and Dr. Baker does not perform hip replacement. *Id.*, ¶ 7. Dr. Baker referred Plaintiff to Dr. Limbird to determine whether Plaintiff was an appropriate candidate for a right hip replacement. *Id.*

In March 2017, Dr. Limbird examined Plaintiff and reviewed imaging reports, which showed that the head of Plaintiff's right femur was still intact. *Id.*, ¶ 8. Based on Dr. Limbird's review of the imaging reports and examination, Dr. Limbird advised Plaintiff that replacement of his right hip was not medically necessary. *Id.* Dr. Limbird also advised Plaintiff that based on his medical judgment and experience, and based on the fact that the hip replacement would be an elective procedure during his incarceration, the risks of post-operative infection outweighed the benefits of proceeding. *Id.*

In August 2017, Plaintiff returned to see Dr. Limbird due to complaints of right hip pain. *Id.*, ¶ 9. X-rays of Plaintiff's right hip taken in June 2017 and an MRI taken in July 2017 confirmed that there was no deterioration to Plaintiff's condition. *Id.* Dr. Limbird again explained to Plaintiff that the right hip replacement would be an elective surgery and was not medically necessary. *Id.*, ¶ 10.

Based on his education, training, and experience, Dr. Limbird believes that the medical care he provided to Plaintiff was appropriate and complied with the standard of care that would be expected of an orthopaedic surgeon consulting on a patient with avascular necrosis. *Id.*, ¶ 11.

Dr. Limbird is not an employee of Centurian, nor is he compensated by Centurian in any way. *Id.*, ¶ 12. Centurian contracts with Meharry Medical College (Dr. Limbird's employer) to provide medical care to incarcerated individuals. *Id.* Dr. Limbird is in no way compensated by Centurian for the number of surgeries he performs or declines to perform. *Id.*, ¶ 13.

Dr. Limbird did not consider the cost to Centurian when determining the proper course of

treatment for Plaintiff. *Id.*, ¶ 14. Instead, Dr. Limbird relied on his own medical judgment and years of experience. *Id.*

### III. Law and Analysis

#### A. Local Rules 56.01(c) and (g)

With respect to Motions for Summary Judgment, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

As discussed above, although Plaintiff has filed a document entitled "Plaintiff's Response To: (1) Defendant's Motion for Summary Judgment; (2) Declaration of Thomas J. Limbird, M.D.; and (3) Thomas J. Limbird, M.D.'s Statement of Undisputed Facts (Justification for Status Hearing and Trial)" (Docket No. 22), that document does not contain the requisite citations to the record and is not in a form required by Fed. R. Civ. P. 56 or the Local Rules. Plaintiff has therefore failed to properly respond to Defendant's Statement of Undisputed Material Facts or file his own Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to properly respond indicates "that the asserted facts are not disputed for the purposes of summary judgment."

7

Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to properly respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met his burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In

determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983

#### 1. Generally

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test:

(1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of

11

confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**D. The Case at Bar**

In the instant action, although Plaintiff feels that he needs to undergo a right hip replacement, the undisputed facts demonstrate that, based on examinations of Plaintiff in March 2017 and August 2017 and reviews of Plaintiff's June 2017 and July 2017 hip imaging, as well as his years of experience, Defendant Limbird, in his medical judgment, determined that a hip replacement was not medically necessary for Plaintiff. Docket No. 17-1, ¶¶ 8-10. The undisputed facts further

establish that Defendant Limbird considered the risks involved and advised Plaintiff that based on his medical judgment and experience, and based on the fact that the hip replacement would be an elective procedure during his incarceration, the risks of post-operative infection outweighed the benefits of proceeding. *Id*.

Moreover, it is undisputed that Defendant Limbird based his decision not to perform a right hip replacement for Plaintiff on his own medical judgment and years of experience, not based on any cost to Centurian, and further undisputed that Defendant Limbird is not an employee of Centurian, is not compensated by Centurian in any way, and is not compensated by Centurian for the number of surgeries he performs or declines to perform. *Id.*, ¶¶ 12-14.

The law is well-settled that, while an inmate has a right to appropriate medical care, he does not have a right to the medical care of his choosing. *See Hudson*, 503 U.S. at 9. The law is also well-settled that mere differences of opinion between a prisoner and prison medical staff regarding the kind of treatment a prisoner needs do not rise to the level of deliberate indifference. *See, e.g., McFarland*, 196 F. App'x at 411; *Umbarger*, 93 F. App'x at 736; *Apanovitch*, 32 F. App'x at 707. In the case at bar, it is undisputed that Defendant Limbird is an orthopaedic specialist who saw Plaintiff on two occasions and during both occasions provided appropriate medical care to Plaintiff that complied with the standard of care that is expected of an orthopaedic surgeon consulting on a patient with avascular necrosis. Docket No. 17-1, ¶¶ 1-5, 11. Accordingly, Plaintiff cannot sustain his Eighth Amendment deliberate indifference claim against Defendant Limbird.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 14) be GRANTED, that Plaintiff's claims against Defendant

Limbird be DISMISSED, and that Defendant Limbird be TERMINATED as a party to this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge