IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DARRELL WADE HEARD, TDOC #370271, </br></br>Plaintiff, </br></br>v. </br></br>TONY PARKER, Commissioner of T.D.O.C., CENTURION OF TENNESSEE, (MEDICAL); DR. HAU LA, M.D.; MR. SHOA MA, NURSE PRACTITIONER; and DR. THOMAS J. LIMBIRD, M.D., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:17-CV-01248 </br>JURY DEMANDED |

**DEFENDANTS CENTURION OF TENNESSEE, LLC AND HAU LA, M.D.'S
RESPONSE AND MEMORANDUM TO PLAINITFF'S RULE 72(B) OBJECTIONS TO
THE REPORT AND RECOMMENDATION (ECF 52) GRANTING DEFENDANTS'
MOTION TO DISMISS**

COME NOW, the Defendants Centurion of Tennessee, LLC ("Centurion") and Hau La, M.D. ("Dr. La") (collectively the "Defendants"), by and through counsel, to respond to the Plaintiff's Rule 72(B) Objections to the Report and Recommendation (ECF 52) Granting Defendants' Motion to Dismiss [Doc. 54]. In further support of their response, the Defendants would show the Court the following:

1. The Report and Recommendation should be adopted by the district court because the Defendants' Motion to Dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docs. 37, 38, and 50], is not barred by res judicata or the "law of the case" doctrine. This Court has explicitly noted before that the required Prison Litigation Reform Act ("PLRA") screening of a plaintiff's complaint is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

1

Procedure. Leach v. Corr. Corp. of Am., No. 3:16-CV-02876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017). In the present case, there has not been a final adjudication upon the merits in this matter because the case is currently still pending before this Court. [Doc. 20]. Furthermore, there are two separate issues and two separate standards as to whether the Plaintiff has failed to state a claim upon which relief can be granted under the PLRA screening standard and under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Further, the law of the case doctrine is discretionary and a court may reconsider its own decisions. Bowles v. Russell, 432 F.3d 668, 677 (6th Cir. 2005). Therefore, res judicata and the law of the case doctrine do not bar the Defendants' Motion to Dismiss [Docs. 37, 38, and 50] and the Court should adopt the Report and Recommendation. [Doc. 52].

2. The Report and Recommendation accurately construes the Plaintiff's allegations in his Complaint. Accordingly, based on the separate standard of dismissal articulated in Rule 12(b)(6) of the Federal Rules of Civil Procedure from the PLRA screening standard, the Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## MEMORANDUM OF LAW

### I. Standard of Review

Pursuant to Local Rule 72.02(a) and (b)

> (a) Objections to a Report and Recommendation of a Magistrate Judge. Objections to a report and recommendation of a Magistrate Judge on a dispositive motion must be made within fourteen (14) days after service of the report and recommendation in accordance with Fed.R.Civ.P. 72(b). Such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made, and must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. A separately filed

supporting memorandum of law, not exceeding twenty-five (25) pages, must accompany the objections.

(b) Response. Any response to the objections raised in the motion for review and accompanying memorandum of law must be filed within fourteen (14) days after service of the objections, and may not exceed twenty-five (25) pages.

Further, Federal Rules of Civil Procedure 72(b) provides as follows:

(1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

(2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

## II. Law and Argument

**A.** **The Report and Recommendation should be adopted because res judicata and the law of the case doctrine are inapplicable to the Defendants' Motion to Dismiss and do not bar the Defendants' Motion to Dismiss.**

Res judicata has four elements: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) the identity of the causes of action. King v. South Cent. Bell Tel. & Tel. Co., 790 F.2d 524 (6th Cir. 1986); See also Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).

3

The law of the case doctrine "generally preclude[s] a lower court from reconsidering an issue expressly or impliedly decided by a superior court." United States v. Moored, 38 F.3d 1419, 1421, 1994 U.S. App. LEXIS 30386, *7, 1994 FED App. 0367P (6th Cir.) *superseded in statute on other grounds as recognized in* United States v. Wendlandt, 714 F.3d 388 (6th Cir. 2013). The law of the case doctrine also "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." United States v. Graham, 327 F.3d 460, 464 (6th Cir.) (citing United States v. Tocco, 306 F.3d 279, 288 (6th Cir. 2002)), petition for cert. filed, 306 F.3d 279 (U.S. 2003). Nevertheless, the law of the case doctrine is a rule of judicial comity rather than one of jurisdictional limitation:

> A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision [**15] was "clearly erroneous and would work a manifest injustice." *Arizona v. California, supra*, 460 U.S., at 618, n. 8, 103 S. Ct. at 1391, n. 8 (citation omitted).

Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

In sum, the Sixth Circuit has recognized that "the law of the case doctrine is discretionary when applied to a coordinate court or the same court's own decisions." Bowles v. Russell, 432 F.3d 668, 677 (6th Cir. 2005).

Here, in the present case, the Plaintiff continues to rely upon non-binding authority from outside of the Sixth Circuit to support his contention that a dismissal for failure to state a claim upon which relief can be granted under the PLRA screening provisions constitutes a final judgment on the merits therefore making res judicata applicable in this case and thus barring the Defendants' Motion to Dismiss. [Doc. 54, pp. 3-5].

4

First and foremost, the Plaintiff's Complaint was not dismissed pursuant to the PLRA. [Doc. 20, p. 12]. Rather, the Court correctly noted that the Sixth Circuit Court of Appeals has held that the *Twombley/Iqbal* standard governing Rule 12(b)(6) motions governs PLRA screenings. [Doc. 20, p. 2; See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) and Leach v. Corr. Corp. of Am., No. 3:16-CV-02876, 2017 WL 35861, at *1 (M.D. Tenn. Jan. 4, 2017)]. The Court then reviewed the Plaintiff's Complaint under the aforementioned PLRA screening standard and found that the Plaintiff's claims could proceed under 42 U.S.C. § 1983. [Doc. 20, p. 12]. Further, the present action is still the original action and none of the Plaintiff's claims have been actually litigated.

Moreover, as noted above, the Middle District of Tennessee has already explicitly noted that the required PLRA screening of a plaintiff's complaint is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Leach, No. 3:16-CV-02876, 2017 WL 35861, at *3. Therefore, the Defendants' Motion to Dismiss that was brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is not barred by res judicata.

As to the Plaintiff's contentions that the law of the case doctrine applies to this case, the Defendants respectfully disagree. As noted above, the law of the case doctrine is discretionary and not mandatory when applied to the same court's *own* decisions. Bowles, 432 F.3d at 677. The Sixth Circuit has already recognized that a "court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance…" Moses, 929 F.2d at 1137. Furthermore, the Defendants are not asking the Court to reconsider its findings pursuant to the PLRA screening standard. [Doc. 54, p. 5]. Rather, the Defendants are requesting that the Court dismiss the Plaintiff's Complaint using the higher burden found in Rule 12(b)(6) of the Federal Rules of Civil

5

Procedure. Leach, No. 3:16-CV-02876, 2017 WL 35861, at *3. Therefore, even though the court would have the power under the law of the case doctrine to reconsider its own holding in the screening order [Doc. 20], there is no need to do so because as thoroughly discussed below, the Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Further, the Defendants would respectfully submit that the Report and Recommendation does not discuss the alleged issues of res judicata and the law of the case doctrine because it is fairly obvious that those doctrines are inapplicable to this action and do not bar the Defendants' Motion to Dismiss [Docs. 37, 38, and 50].

Accordingly, the Defendants' Motion to Dismiss [Docs. 37, 38, and 50] is not barred by either res judicata or the law of the case doctrine. The Defendants therefore respectfully request that the Court adopt the Report and Recommendation. [Doc. 52].

**B.     The Report and Recommendation should be adopted because it correctly construed the Plaintiff's Complaint and correctly found that the Plaintiff's Complaint should be dismissed for failure to state a claim.**

Despite the Plaintiff's contentions, the Report and Recommendation accurately found that that the Plaintiff "simply cannot establish that the Defendants were deliberately indifferent to his hip pain, alleged deterioration, or request for a total right hip replacement." [Doc. 52, pp. 6-7]. Therefore, the Defendants' Motion to Dismiss [Docs. 37, 38, and 50] should be granted.

Specifically, the Court correctly noted that the United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. [Doc. 20, p. 7; See also Estelle v. Gamble, 429 U.S. 97, 104 (1976)]. Further, a claim for deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component.

6

[Doc. 20, p. 7; See also Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014)]. A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." [Doc. 20, p. 7; See also Rouster, 749 F.3d at 446]. A plaintiff satisfies the subjective component "by alleging facts, which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference and that he then disregarded that risk." [Doc. 20, pp. 7-8; See also Rouster, 749 F.3d at 446].

The Court also correctly noted that "[c]omplaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief." [Doc. 20, p. 8; See also Estelle, 429 U.S. at 105-106]. Further, a prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. [Doc. 20, p. 8; See also Estelle, 429 U.S. at 107]. Even if a plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-106. The Sixth Circuit has also been clear that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. County Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004); See also Westlake v. Lucas, 537 F.2d 857, 860, n.5 (6th Cir. 1976).

Here, in the present case, in addition to his own allegations, the Plaintiff attached several records to his Complaint demonstrating that he has been receiving medical care throughout all dates listed in his Complaint, including but not limited to x-rays and MRIs for his right hip pain, consultations with orthopedic surgeons, and a hip decompression surgery. [See Doc. 1, pp. 52, 54, 62, 63, 64, 65, 66, 67, 68, and 69; See also Doc. 38, p. 5]. Notably, the Plaintiff attached a letter

7

dated April 10, 2017 wherein it was noted that the Plaintiff and his provider decided on an alternative core decompression of his right hip rather than a total hip arthroplasty. [Doc. 1, p. 52, 54, 69]. The Plaintiff himself even admits in his Complaint that he underwent the hip decompression surgery on October 18, 2016. [Doc. 1, p. 5].

The Report and Recommendation aptly noted that the gravamen of the Plaintiff's allegations against Dr. La are that he "intentionally mishandled" the treatment of the Plaintiff's scabies infection, which then led to the deterioration of the Plaintiff's hip. [Doc. 1, p. 3; Doc. 52, p. 15]. The Report and Recommendation also accurately noted that the Plaintiff "does not levy allegations against Dr. La specifically with regard to any condonation, encouragement, or participation in the treatment of his hip condition once that condition was known." [Doc. 52, p. 15]. More significantly, these allegations are conclusory in nature, which is insufficient to survive a Motion to Dismiss pursuant to Mezibov v. Allen, 411 F.3 712, 716 (6th Cir. 2005). ([Doc. 52, p. 15].

In addition, the Report and Recommendation accurately notes that Dr. Limbird is not an employee of Centurion and that the Plaintiff also did not aver that Centurion adopted an official policy or custom with deliberate indifference towards his constitutional rights. [Doc. 52, p. 16]. Instead, as pointed out by the Report and Recommendation and as noted above, the Plaintiff's own Complaint avers that he received repeated consults with specialists Dr. Baker and Dr. Limbird, received numerous x-rays and MRIs, underwent a hip decompression surgery, and had repeated and continuous care with Dr. Sidberry. [Doc. 52, p. 16].

Therefore, taking all of the Plaintiff's allegations as true, the Plaintiff was clearly receiving treatment during his incarceration and neither of these Defendants perceived facts that the Plaintiff was at substantial risk for injury, that they in fact drew those inferences, and then both disregarded

8

that risk. Rouster, 749 F.3d at 446. Therefore, the Plaintiff has failed to sufficiently allege that the Defendants were deliberately indifferent to his medical needs, especially in light of all of the documentation attached to his Complaint and relied upon by him to support his allegations against these Defendants. [See Doc. 1, pp. 52, 54, 62, 63, 64, 65, 66, 67, 68, and 69]. Rather, he disagrees with the medical treatment he is currently receiving, which is insufficient to state a claim for a constitutional violation and is instead governed by state tort law. Graham ex rel. Estate of Graham, 358 F.3d at 385; See also Westlake, 537 F.2d at 860, n.5.

To clarify, once again, the Defendants are not asserting that the Court's PLRA screening order [Doc. 20] should be set aside. [Doc. 54, p. 5]. Rather, the Defendants are asserting that the Plaintiff's Complaint should be dismissed because it fails to state a claim for deliberate indifference under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is a different, higher standard than the PLRA pleading standard. Leach, No. 3:16-CV-02876, 2017 WL 35861, at *3. The Plaintiff's Complaint should also be dismissed because, pursuant to Graham ex rel. Estate of Graham and Westlake above, the Plaintiff's claims are governed by the Tennessee Health Care Liability Act ("THCLA"), codified at Tennessee Code Annotated Section 29-26-101, et seq., and the Plaintiff failed to follow the pre-suit notice requirements contained within the THCLA.

Finally, as to the Plaintiff's assertion that his claims are not time-barred under the discovery rule, the Defendants once again respectfully disagree. [Doc. 54, pg. 8]. As noted by the Defendants' in their Reply brief, the Plaintiff asserts that he was told he would receive a total hip arthroplasty and relied upon his grievance record attached to his Complaint to assert these claims. [Doc. 45, p. 10; Doc 1, pp. 34-35]. The Plaintiff also attached to his Complaint the aforementioned letter which also noted that it was the Plaintiff who refused to undergo the total hip arthroplasty and instead underwent a hip decompression surgery. [Doc. 1, pp. 52, 54, 69]. Therefore, the

9

Plaintiff's claims that his action is not time barred must fail because it was his own lack of diligence that caused the delay in filing his lawsuit. <u>Redwing v. Catholic Bishop for Diocese of Memphis</u>, 363 S.W.3d 436, 460 (Tenn. 2012); <u>See also</u> <u>Lopez v. Tennessee Valley Auth.</u>, No. 3:16-CV-287, 2016 WL 3951880, at *5 (M.D. Tenn. July 22, 2016).

The Defendants further reassert and reincorporate their arguments as to the Plaintiff's Complaint being time barred that was raised in their joint Motion to Dismiss. [Doc. 37, pp. 1-2 and Doc. 38, pp. 1-4].

## **CONCLUSION**

The Court should adopt the Report and Recommendation because the Plaintiff has failed to adequately plead his claims for deliberate indifference against these Defendants. Therefore, the Defendants respectfully request that Report and Recommendation be adopted and that their Motion to Dismiss be granted since it is not barred by either res judicata or the law of the case doctrine.

Respectfully submitted this 14th day of September, 2018.

> By: /s/ Daniel T. Swanson
> Heidi A. Barcus (BPR No. 015981)
> Daniel T. Swanson (BPR No. 023051)
> LONDON & AMBURN, P.C.
> 607 Market Street, Suite 900
> Knoxville, TN 37902
> Phone: (865) 637-0203
> Fax: (865) 637-4850
> hbarcus@londonamburn.com
> dswanson@londonamburn.com
> *Counsel for Defendants Centurion of Tennessee, LLC and Hau La, M.D.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The parties listed below will also be served by U.S. Mail:

Rachel Thomas
Law Office of Rachel Thomas, PLC
214 Second Avenue North, Suite 103
Nashville, Tennessee 37201

David Randolph Smith
David Randolph Smith & Associates
1913 21st Avenue S.
Nashville, Tennessee 37212

Bryan Essary
Gideon, Cooper, & Essary, PLC
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238

This 14th day of September 2018.

/s/ Daniel T. Swanson
ATTORNEY